# THE MINTZ FRAADE LAW FIRM, P.C.
COUNSELORS AT LAW
271 MADISON AVENUE, 12th FLOOR
NEW YORK, NEW YORK 10016

TELEPHONE
(212) 486-2500

TELECOPIER
(212) 486-0701

OF COUNSEL
EDWARD C. KRAMER
JON M. PROBSTEIN
SEYMOUR REITKNECHT
JOSEPH J. TOMASEK

June 7, 2016

**Via E-mail**
Hon. Richard J. Sullivan, D.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, New York 10007
(SullivanNYSDChambers@nysd.uscourts.gov)

Re: **Steven Jude Hoffenberg v. Jeffrey E. Epstein, et al. (Index No. 1:16-cv-03989)**

Dear Judge Sullivan:

  Our firm represents Mr. Steven Jude Hoffenberg, the Plaintiff in the above-referenced matter. The Complaint in the above-referenced matter (the "Complaint") was filed on May 27, 2016, as a Related Action to United States of America v. Steven Hoffenberg, 94 Cr. 213 (RWS), 95 Cr. 321 (RWS), 1997 U.S. Dist. LEXIS 2394 (S.D.N.Y. Mar. 4, 1997) ("*Hoffenberg*"). Honorable Robert W. Sweet, D.J. was presiding Judge in *Hoffenberg*, in which Mr. Hoffenberg was convicted of conspiracy to violate securities laws by fraudulently selling securities, mail and wire fraud, conspiracy to obstruct justice and tax evasion.

  Although Mr. Hoffenberg was the sole Defendant named in *Hoffenberg*, Judge Sweet made it clear in the Sentencing Opinion dated March 4, 1997, that several other individuals, *i.e.* "co-conspirators," operated and executed the fraudulent securities activities, along with Mr. Hoffenberg. According to Mr. Hoffenberg, one of such "co-conspirators" was Mr. Jeffrey E. Epstein, the Defendant in the above-referenced matter. Accordingly, the Complaint sets forth how Mr. Epstein was integrally involved in the fraudulent securities activities for which Mr. Hoffenberg was convicted.

  Mr. Hoffenberg was ordered by Judge Sweet to pay restitution in the sum of $475,157,340 plus interest (the "Restitution Order"). Since this lawsuit is for the purpose of collecting from the Defendant the "ill-gotten" monies directly attributed to and part of the crime, which include monies which have been transferred to the Defendant. It is respectfully suggested

that this action is properly before Judge Sweet, who is still overseeing restitution issues, as they arise.

Mr. Epstein and the claims brought against him in the Complaint are pertinent and of consequence to *Hoffenberg*, and vice versa.

In addition, although not raised as a Related Action, there is a civil action brought by Ms. Virginia Roberts Giuffre against Ghislaine Maxwell filed on September 21, 2015, in which Ms. Giuffre alleges that she became a victim of sex trafficking and repeated sexual abuse after being recruited by Ms. Maxwell and Mr. Epstein when she was under the age of eighteen. Ms. Giuffre's civil action is currently pending before Judge Sweet (Index No. 1:15-cv-07433-RWS). Currently at issue in such proceeding pending before Judge Sweet is the liquidation of an asset valued at $15,000,000 owned by Ms. Maxwell from funds provided by Mr. Epstein, which we believe is subject to the Restitution Order and subsequent proceedings before Judge Sweet in 2013, which specifically referred to Mr. Epstein.

Based upon the foregoing, we respectfully request that the Court consider that the instant matter be transferred to Judge Sweet, if he is willing to preside over this matter.

Respectfully submitted,

The Mintz Fraade Law Firm, PC

By: _____
Alan P. Fraade

APF/llk
Cc:    Gary H. Baise, Esq.