BENNET J. MOSKOWITZ
212.704.6087 telephone
212.704.8370 facsimile
bennet.moskowitz@troutmansanders.com

**TROUTMAN SANDERS**

TROUTMAN SANDERS LLP
Attorneys at Law
875 Third Avenue
New York, New York  10022
212.704.6000 telephone
troutmansanders.com

June 28, 2016

**BY ECF AND E-MAIL**

Hon. Richard J. Sullivan
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, New York 10007

   Re: *Hoffenberg v. Epstein, et al.*, **Case 1:16-cv-03989-RJS (S.D.N.Y.)**

Dear Judge Sullivan:

  We represent defendants Jeffrey E. Epstein ("Epstein") and The Financial Trust Company ("FTC") in the above referenced matter.  We write pursuant to Your Honor's Individual Rule 2(A) to request a pre-motion conference in anticipation of a pre-answer motion, pursuant to FRCP 12(b)(1) and (6), to dismiss plaintiff Steven Hoffenberg's ("Hoffenberg") Complaint [Doc. 1], with prejudice, on the following grounds: (1) Hoffenberg lacks Article III standing; (2) each claim is time-barred; (3) *in pari delicto*; and (4) failure to state a claim.[1]

  Since 1997, when Judge Sweet sentenced Hoffenberg to 20 years imprisonment and ordered him to pay $475,157,340 in restitution for defrauding investors in Towers Financial Corporation ("Towers") through a massive "Ponzi" scheme, *see U.S. v. Hoffenberg*, 94-cr-213, 1997 WL 96563 (S.D.N.Y. Mar. 4, 1997),[2] Judge Sweet, Judge Berman, Judge Castel and others have had to warn Hoffenberg--and, at least once, his counsel here, Alan Fraade--against pursuing frivolous or otherwise improper litigation.   Thus, in *200,000 Towers Inv'rs v. U.S.*, 13-cv-8563, 2013 WL 6673612, at *1 (S.D.N.Y. Dec. 18, 2013), Hoffenberg, represented by Fraade, filed a petition, allegedly on behalf of 200,000 victims of his scheme, to prevent the Probation Office from obstructing Hoffenberg's restitution efforts.  Judge Castel ordered Hoffenberg and Fraade to show cause why the action should not be dismissed as frivolous and sanctions imposed, with Fraade disqualified.  *Id*. at *3.[3] *See also Hoffenberg v. Hoffman & Pollok*, 288 F. Supp. 2d 527, 540 (S.D.N.Y. 2003) ("**Hoffenberg has [] been warned** … [he] will be enjoined from filing any further litigation … without prior approval." (Sweet, J.) (emphasis added)).

  Hoffenberg's filing of this lawsuit, in which he similarly claims to seek recovery on behalf of victims of his own Ponzi scheme and asserts causes of action arising from alleged mid-1990's (or earlier) misconduct--purportedly to enable him to satisfy **his** restitution obligations--shows that neither he nor Fraade heeded those judicial warnings.

---

[1] Rule 2(A) stays the motion deadline through the pre-motion conference; we respectfully request 14 days therefrom to submit the motion.  Epstein and FTC also reserve the right to move for sanctions at a later date.
[2] Citations herein omit internal citations and quotation marks, if any.
[3] Fraade, under threat of sanctions, withdrew the "offending pleading." *See* 13-cv-8563 [Doc.5].

Hoffenberg, individually and as self-appointed "constructive trustee of the Noteholders and Bondholders of Towers," alleges that Epstein, though unnamed in Judge Sweet's sentencing opinion,[4] was Hoffenberg's co-conspirator in the Towers Ponzi scheme; and that FTC and the other unidentified defendants, entities which Epstein created or controls, were created with and/or received proceeds from the scheme (Compl. ¶¶4, 19-20). Hoffenberg alleges he brings this action "to allow the [U.S.] to exercise its authority to enforce the victim restitution order [in Judge Sweet's sentencing opinion]" (Compl. ¶17). Hoffenberg asserts causes of action for common law fraud, conversion and unjust enrichment, breach of fiduciary duty, and negligence (Compl. ¶¶43-71). Epstein and FTC anticipate the following grounds for their motion:

1. <u>Hoffenberg lacks Article III standing.</u>

To have standing, which is a "threshold question," a plaintiff must (1) allege personal injury (2) fairly traceable to the defendant's allegedly unlawful conduct and (3) likely to be redressed by the requested relief. *In re Madoff Inv. Sec. LLC*, 721 F.3d 54, 66 (2d Cir. 2013). Hoffenberg does not have standing in his individual capacity because he does not allege, nor can he allege, that he suffered any injury, let alone one traceable to the defendants' conduct and likely to be redressed by a judgment in his favor. To the contrary, Hoffenberg alleges that **he** injured the third-parties on whose behalf he purports to sue (Compl. ¶7).

Hoffenberg's attempt to plead around Article III, by claiming he brings this action as a "constructive trustee" for the benefit of the people he defrauded, also fails. Article III has an "implied prohibition" against a plaintiff's assertion of rights that belong to others. *Madoff*, 721 F.3d at 66. *See also In re Dynegy Inc.*, 12-cv-8908, 2013 WL 2413482, at *6 (S.D.N.Y. Jun. 4, 2013) (a plaintiff "generally must assert his own legal rights").

Two justifications for this limitation are: (1) courts should not adjudicate third-party rights unnecessarily; and (2) third-parties themselves usually are the best proponents of their own rights. *Id*. Hoffenberg's victims, whom he is prohibited from contacting (94-cr-213 [Doc. 149, p. 2]), are better positioned to pursue their own rights than the man who defrauded them. Indeed, numerous victims brought approximately 100 lawsuits against Hoffenberg and Towers starting as far back as 27 years ago (Compl. ¶36).

Instructively, the Second Circuit held that Irving Picard, the court-appointed trustee who stands in the shoes of Madoff Securities, does not have standing to pursue common law claims on behalf of the victims of Madoff's Ponzi scheme. *See Madoff*, 721 F.3d at 66. Hoffenberg's lack of standing is even clearer, because, unlike Picard, Hoffenberg is not a trustee of anything, whether by operation of law or otherwise.[5]

---

[4] Tellingly, during a 2013 court conference attended by an attorney from Fraade's firm and Gary Baise, who also represents Hoffenberg here, Judge Sweet stated he was unaware of Epstein. *See* 94-cr-213 [Doc. 150, 13:25-14:6].

[5] Hoffenberg's sole basis for claiming "constructive trustee" status is his say-so; and he misapplies the concept. A constructive trust is merely a form of equitable relief. *Gary Friedrich Enters., LLC v. Marvel Enters.*, 713 F. Supp. 2d 215, 222 (S.D.N.Y. 2010). Hoffenberg's self-appointment does not confer standing on him when it does not otherwise exist. He also fails to allege the elements of a constructive trust. 106 NY Jur Trusts § 166.

**TROUTMAN SANDERS**

Hon. Richard J. Sullivan
Page 3

    2.  <u>Each of Hoffenberg's causes of action is time-barred.</u>

Hoffenberg's claims expired at least 15 years ago. His causes of actions and their statutes of limitation are: (1) fraud: 6 years from occurrence or 2 years from discovery, whichever is later (CPLR § 213(8)); (2) conversion: 3 years from occurrence (*Calcutti v. SBU, Inc.*, 224 F. Supp. 2d 691, 702 (S.D.N.Y. 2002)); (3) unjust enrichment: 6 years from the wrongful act (*L.I. Head Start v. Econ. Opportunity Comm'n*, 558 F.Supp.2d 378, 409 (E.D.N.Y. 2008)); (4) breach of fiduciary duty: 3 or 6 years from knowledge of the breach (*IDT Corp. v. Morgan Stanley*, 879 N.Y.S.2d 355, 359-60 (2009)); and (5) negligence: 3 years from injury (*Matana v. Merkin*, 957 F. Supp. 2d 473, 494 (S.D.N.Y. 2013)).

Hoffenberg alleges the Ponzi scheme took place "from the late 1980s to mid-1990s" (Compl. ¶21). The scheme was necessarily discovered well before Hoffenberg's 1997 conviction (Compl. ¶7). Therefore, Hoffenberg's deadline to assert claims arising from the defendants' alleged participation in the scheme expired approximately 15 years ago, at the latest.

Hoffenberg, recognizing his claims are time-barred, alleges the Mandatory Victims Restitution Act somehow excuses him from statutes of limitation (Compl. ¶16). The Act gives the Government the authority to enforce Hoffenberg's restitution order (Compl. ¶16), and, accordingly, is irrelevant to the expiration of Hoffenberg's common law claims against others.

    3.  <u>Hoffenberg's claims are barred by the doctrine of *in pari delicto*.</u>

Where, as here, a plaintiff alleges he participated in wrongdoing equally with a defendant, the complaint should be dismissed. *See Republic of Iraq v. ABB AG*, 768 F.3d 145, 163 (2d Cir. 2014) (affirming the dismissal of a complaint on the basis of *in pari delicto*).

    4.  <u>Hoffenberg's Complaint fails to state a claim.</u>

Each of Hoffenberg's claims sounds in fraud because, regardless of what each claim is titled or how it is framed, each such claim is alleged to arise out of some undefined role which Hoffenberg claims the defendants performed in the Towers Ponzi scheme (*See* Compl. ¶¶43-71). Therefore, Hoffenberg was required to plead each of his claims with particularity in accordance with FRCP 9(b). *See Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004). Hoffenberg's Complaint does not satisfy FRCP 9(b).

Hoffenberg also fails to plead various elements of his claims, engages in group pleading and makes vague and contradictory allegations. Therefore, Hoffenberg's Complaint must be dismissed under the regular or heightened pleading standard.

    Respectfully submitted,

    /s/ Bennet J. Moskowitz
    Bennet J. Moskowitz